UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER VARTANIAN,
Individually and as the Personal Representative
Of the Estate of Roobik Vartanian and on
Behalf of I.V., as Parent and Natural
Guardian of the minor child,

                    Case No.: 8:10-CV-01367-SDM-EAJ

        Plaintiffs,

v.

OFFICER RICHARD HARRELL,
Individually and as a member of the
Tampa Police Department; and
CHIEF JANE CASTOR,
Tampa Police Department Chief,
In her official capacity,

        Defendants.
_____/

## MOTION TO DISMISS

**COMES NOW**, Defendant, **JANE CASTOR**, by and through the undersigned attorney, pursuant to Federal Rule of Evidence 12(b)(6), and files this Motion to Dismiss Plaintiffs' Complaint and as grounds therefore would state as follows:

1. The "official capacity" suit against Chief of Police, Jane Castor, is redundant and should be dismissed;

2. The Plaintiff cannot recover joint and several damages under state law;

3. The Plaintiff cannot recover pre-judgment interest pursuant to F.S. § 768.28(5); and

4. The Plaintiff does not have standing to bring an action for declaratory and injunctive relief.

**WHEREFORE,** it is respectfully requested that the Court grant this Motion; dismiss the Plaintiffs' Complaint; and award such other relief as the Court deems appropriate.

## MEMORANDUM OF LAW IN SUPPORT OF
## THE MOTION TO DISMISS

Defendant, Jane Castor, by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of her Motion to Dismiss Plaintiff's Complaint.

*The Complaint*

On September 6, 2008, decedent, Roobik Vartanian, was a security manager who worked for Club Prana in Ybor City.  {Complaint ¶ 9} Mr. Vartanian ejected some patrons from the club and thereafter the patrons threatened him. When the patrons made threats about going to Mr. Vartanian's home, the decedent obtained a gun and followed the men from the club. {Complaint ¶ 11, 12, 13}  The Plaintiff alleges that as the decedent walked with the gun at his side; he was shot by Officer Richard Harrell of the Tampa Police Department. {Complaint ¶ 14} The decedent subsequently died as a result from his gunshot wound. The Plaintiff alleges that Officer Harrell was not dressed on formal police attire and failed to identify himself as a law enforcement officer.  {Complaint ¶ 15}  The Plaintiff has made a claim against Chief Jane Castor for wrongful death {Count II} and claims against Officer Richard Harrell, in his individual capacity, for wrongful death {Count I} and 42 U.S.C. § 1983 claim for excessive force {Count III}.

**STANDARD OF REVIEW**

Under Federal law, when considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003); *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank,* 129 F.3d 1186, 1189 (11th Cir. 1997) *(*quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

**OFFICIAL CAPACITY**

The Plaintiff alleges in ¶ 33 that F.S. § 768.28 mandates that Chief Jane Castor is liable for the death of Roobik Vartanian, caused by the negligent or wrongful acts or omissions of any employee. However, F.S. § 768.28(9), actually dictates that the exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions <u>shall be an action against the governmental entity</u> *unless* such act was committed in **bad faith** or with **malicious purpose** or in a manner exhibiting wanton and willful disregard of human rights, safety, or property (emphasis added). Thus, any action, that premises liability on an allegation that an employee was negligent while in the course and scope of employment, is an action that should be

brought against the City of Tampa and not against an official of the City of Tampa. Also, the Plaintiff's claim for joint and several damages in ¶ 47 is in error since the City and the employee cannot both be held liable for the decedent's death under state law.

A suit against an individual in their official capacity is an action against the City of Tampa. *Hafer v. Melo,* 502 U.S. 21 @ 25, 112 S.Ct. 358 at 361, 116 L.Ed.2d 301 at 309 (1991), *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)*; Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) and *Stephens vs. Geoghegan*, 702 So. 2d 517, 527 (Fla. 2d DCA 1997). When a government official is sued in their official capacity under 1983, the suit is "another way of pleading an action against an entity of which an officer is an agent," and consequently is actually a suit against the city. *Busby v. Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1984).) Because suits can be brought against local governmental entities directly, there is no need to bring official-capacity actions against local government officials, and such suits are "redundant and possibly confusing to the jury." *Id.* Therefore, a suit against Chief Castor in her official capacity is redundant and should be dismissed.

## DAMAGES

In ¶ 47(h), the Plaintiff alleges that she is entitled to pre-judgment interest; however this amount is not recoverable pursuant to F.S. § 768.28(5) which states that liability shall not include punitive damages or ***interest for the period before judgment***. {emphasis added} Therefore, this claim for damages should be stricken or dismissed.

## STANDING

The Plaintiff alleges in ¶ 47 (k) that she is seeking a declaratory judgment that the events that preceded Roobik Vartanian's death are unconstitutional. The Complaint therefore fails to state a cause of action because the Plaintiff cannot seek a declaratory judgment relative to the decedent's rights. The Plaintiff further asserts in ¶ 47 (l) that she is seeking injunctive relief based on the events that caused Roobik Vartanian's death. The Plaintiff does not have standing to bring a declaratory, or injunctive, action based on the allegations in the Complaint. To sustain an action for relief the complaining party must demonstrate that he has a judicially cognizable, bona fide and direct interest in the results sought by the action. *McNevin v Baker*, 170 So. 2d 66 (Fla. 2nd DCA 1965). Jennifer Vartanian does not have bona fide and direct interest in this action since she seeks damages related only to events that involved Roobik Vartanian.

**WHEREFORE,** it is respectfully requested that the Court grant this Motion; dismiss the Plaintiffs' Complaint; and award such other relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed the foregoing with the Clerk of Court on this 28th day of June, 2010 using the CM/ECF system and that an electronic notice will be sent to: Michael P. Maddux, Esquire, MICHAEL P. MADDUX, P.A., 2102 West Cleveland Street, Tampa, FL 33606 (attorney for Plaintiff) and John A. Makholm, Esquire, THE MAKHOLM LAW GROUP, 696 First Avenue North, Suite 205, St. Petersburg, FL 33701 (attorney for Defendant, Officer Richard Harrell).

**CHARLES R. FLETCHER, CITY ATTORNEY**
**CITY OF TAMPA, FLORIDA**

By: /s/ Ursula D. Richardson
**URSULA D. RICHARDSON**
Assistant City Attorney
FBN: 0064467
315 E. Kennedy Boulevard, 5th Floor
Tampa, FL 33602
Ursula.Richardson@tampagov.net
(813) 274-7205; (813) 274-8809 Fax
Counsel for Defendant, City