## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JENNIFER VARTANIAN,**
**Individually and as the Personal**
**Representative of the Estate of Roobik**
**Vartanian and on behalf of I.V., as**
**Parent and Natural Guardian**
**of the minor child,**

       **Plaintiff,**

**vs.**　　　　　　　　　　　**CASE NO.:  8:10-CV-01367-SDM-EAJ**

**OFFICER RICHARD HARRELL,**
**Individually and as a member of the**
**Tampa Police Department; and**
**CHIEF JANE CASTOR, Tampa Police**
**Department Chief, in her Official Capacity,**

       **Defendants.**

_____/

## DEFENDANT  OFFICER  RICHARD  HARRELL'S
## MOTION  TO  DISMISS  PLAINTIFF'S  COMPLAINT,
## OR  IN THE ALTERNATIVE,  MOTION  FOR  MORE DEFINITE STATEMENT
## AND  MEMORANDUM  OF  LAW

COMES NOW the Defendant, Officer RICHARD HARRELL, in his Individual Capacity

(*"Individually"*) and as a member of the Tampa Police Department [1], by and through his

undersigned counsel and pursuant to Rule 12 (b), Fed.R.Civ.P, **moves** this Honorable Court to

**Dismiss** the Plaintiff's COMPLAINT AND DEMAND FOR JURY TRIAL [DE#2] (hereinafter

---

[1] The COMPLAINT AND DEMAND FOR JURY TRIAL (Doc 2) refers to this defendant as Officer RICHARD HARRELL, "individually" and as a member of the Tampa Police Department. The designation *"as a member of the Tampa Police Department"* does not appear to have any legal significance, since police departments are not recognized as legal entities in Florida having the capacity to sue or be sued, nor does federal law recognize such a designation for purposes of official capacity liability. Florida City Police Dept. v Corcoran, 661 So. 2d 409 (Fla. 3d DCA 1995). Furthermore, there are no allegations in the Complaint implicating anything other than individual liability with regard to the Defendant, Officer.

"COMPLAINT [DE#2]"), or in the alternative pursuant to Rule 12(e), files his **Motion for More Definite Statement**, and in support of said Motions says as follows:

## ARGUMENT  AND  MEMORANDUM  OF  LAW

1.      Plaintiff's state law Wrongful death claim against Officer RICHARD HARRELL in Count I is premised upon alleged negligent conduct of the Officer and employee of the City of Tampa Police Department, and as such, is barred and precluded under § 768.28 (9), Florida Statutes.

2.      Under Florida law, the law enforcement duties alleged to have been breached in COUNT I are duties owed to the public generally rather than to the Plaintiff's decedent; therefore, the breach of such duties is not actionable and may not be the basis of tort liability.

3.      Florida law does not recognize a cause of action for negligent intentional torts such as negligent use of excessive force.

4.      As to the federal law claim under §1983 contained in COUNT III of the "COMPLAINT [DE#2]", while the application of excessive force can constitute a Constitutional violation, it is not clear from the pleadings whether Plaintiff attempts to predicate liability under this count upon the alleged *negligence* of the Officer as alleged in the factual allegations and COUNT I of the "COMPLAINT [DE#2]".  To the extent that the claim is founded upon the allegations of mere negligence or failure to use reasonable care, such allegations are insufficient to support a claimed Constitutional violation and fail to state a claim upon which liability may be based.

5.      As to all of the Plaintiff's claims against Officer RICHARD HARRELL *"as a member of the Tampa Police Department"*, they are surplusage, redundant, and that phrase has no legal significance.

2

## STATEMENT OF THE CASE

1.      On or about **May, 25 2010**, the Plaintiff filed her Complaint in the Circuit Court of the Thirteenth Judicial Circuit In and For Hillsborough County, Florida.

2.      Thereafter, on **June, 17, 2010**, following service on the two Defendants, Removal was effected to this Honorable Court.

3.      On or about **June 22, 2010**, following assignment, the undersigned filed a NOTICE OF APPEARANCE [DE#3] on behalf of the Defendant, Officer RICHARD HARRELL.

4.      Herein the Defendant, Officer RICHARD HARRELL responds to the Plaintiff's "COMPLAINT [DE#2]" with this MOTION TO DISMISS or in the alternative MOTION FOR A MORE DEFINITE STATEMENT.

## STANDARD OF REVIEW

Under Rule 12(b)(6) Fed.R.Civ.P., a **Motion to Dismiss** tests the sufficiency of a Complaint in order to determine whether the Complaint sets forth *"sufficient allegations"* to establish a claim for relief.    Under <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975), the Court is compelled to construe the Complaint in a light most favorable to the Plaintiff and to accept the truth of the *"well pleaded facts."*  Also, in deciding on a **Motion to Dismiss**, the Court can examine only the four (4) corners of the Complaint. <u>Rickman v. Precisionaire, Inc.</u>, 902 F.Supp. 232, 233 (M.D. Fla.1995).  However, it has been has held that unwarranted deductions of Fact pled in a Complaint by a Plaintiff need <u>not</u> be accepted as true.  <u>May v. Hatter</u>, 2001 WL 579782 at Pg. 3 (S.D. Fla. 2001).

While the Court must accept all factual allegations of the Complaint as true in evaluating a MOTION TO DISMISS under Rule 12(b)(6), Fed.R.Civ.P., this requirement does not apply to

*legal conclusions*, as recently held by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, ---

U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).   Specifically the Supreme Court held that:

> "Under **Federal Rule of Civil Procedure 8(a)(2),** a pleading must contain
> a 'short and plain statement of the claim showing that the pleader is entitled
> to relief.' As the Court held in <u>Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167
> L.Ed.2d 929, the pleading standard Rule 8 announces does not require
> 'detailed factual allegations,' **but it demands more than an unadorned,
> the-defendant-unlawfully-harmed-me accusation.** <u>Id</u>., at 555, 127 S.Ct.
> 1955 (citing <u>Papasan v. Allan</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92
> L.Ed.2d 209 (1986)). **A pleading that offers '<u>labels and conclusions</u>'** or '**a
> formulaic recitation of the elements of a cause of action will not do.'**
> 550 U.S., at 555, 127 S.Ct. 1955.   **Nor does a complaint suffice if it
> tenders 'naked assertion[s]' devoid of 'further factual enhancement.'**
> <u>Id</u>., at 557, 127 S.Ct. 1955.

> [12][13] To survive a **motion to dismiss,** a complaint **must contain
> sufficient factual matter, accepted as true, <u>to 'state a claim to relief that
> is plausible on its face.'</u>** <u>Id</u>., at 570, 127 S.Ct. 1955. **A claim has <u>facial
> plausibility</u> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for
> the misconduct alleged.** <u>Id</u>., at 556, 127 S.Ct. 1955. **The plausibility
> standard** is not akin to a 'probability requirement,' but it **asks for more
> than a sheer possibility that a defendant has acted unlawfully.** <u>Ibid</u>.
> Where a complaint pleads facts that are 'merely consistent with' a
> defendant's liability, **it 'stops short of the line between possibility and
> plausibility of "entitlement to relief."'** <u>Id</u>., at 557, 127 S.Ct. 1955
> (brackets omitted).  (emphasis added)."

> Moreover: "…a court must accept as true all of the allegations contained in
> a complaint is inapplicable to legal conclusions.  **Threadbare recitals of
> the elements of a cause of action, supported by mere conclusory
> statements, do not suffice.** *Id.,* at 555, 127 S.Ct. 1955 (Although for the
> purposes of a motion to dismiss we must take all of the factual allegations
> in the complaint as true, **we \*1950 'are not bound to accept as true a
> legal conclusion couched as a factual allegation.'**"

Moreover:  In the case of <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist</u>., 992 F.2d

1171, 1174 (11th Cir. 1993), the 11th Circuit held that:

>  "…**a court should grant a motion to dismiss** where the factual allegations
> in the plaintiff's complaint **present a dispositive legal issue precluding
> relief**." (emphasis added).

Additionally, when the allegations are asserted against an Individual Officer, who claims the shield of *Qualified Immunity* (as the Defendant Officer RICHARD  HARRELL asserts in this case), the Complaint must be viewed by a U.S. District Court under the *heightened pleading standard* as recognized by the 11th Circuit Court of Appeals.  Amnesty Intern., USA v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009).

In Amnesty, while a case factually dissimilar from the instant case, the 11th Circuit Court of Appeals set out the law of this Circuit, i.e. that the Supreme Court's ruling in Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), while eliminating a *heightened pleading standard* as to governmental entities, did not eliminate the *heightened pleading standard* as to Individual Defendant Officers, who can claim the shield of Qualified Immunity, as is the case with Defendant, Officer RICHARD HARRELL, in the case at bar.

## MEMORANDUM OF LAW

## I. PLAINTIFF'S CLAIMS:

COUNT I is a wrongful death state law claim against Defendant, Officer RICHARD HARRELL for alleged negligence in *"failure to identify himself as a Police Officer," "failure to investigate and determine a just course of action,"* and *"negligent use of a firearm"* [2] in connection with the shooting death of Plaintiff's decedent, ROOBIK  VARTANIAN on September 6, 2008.  COUNT II is a similar wrongful death state law claim against Defendant, CHIEF JANE CASTOR attempting to establish vicarious liability against her premised upon the alleged negligence of Officer RICHARD HARRELL.  As this count of the complaint does not seek recovery from Defendant, Officer RICHARD HARRELL, it is not dealt with in this motion and memorandum.  COUNT III is a claim seeking to impose liability on Officer RICHARD

---

[2] See "COMPLAINT [DE#2]" at ¶ 26 (a)(b) and (c) respectively.

HARRELL under 42 U.S.C. § 1983 for alleged unlawful seizure of Plaintiff's decedent *"in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution."* [3]

## II. <u>STATE LAW CLAIM</u>:

### A. <u>Statutory Immunity of Officer RICHARD HARRELL</u>:

In COUNT I of the "COMPLAINT [DE#2]", the Plaintiff attempts to assert a state law negligence claim against the Defendant Officer RICHARD HARRELL for *"[n]egligent failure to identify himself as a Police Officer," "[n]egligent failure to investigate and determine a just course of action," and "[n]egligent use of a firearm"* (COMPLAINT [DE#2], ¶ 26). Plaintiff claims this negligent conduct was the legal cause of the death of Roobik Vartanian on September 6, 2008.

Florida Statute section 768.28 (9)(a) provides in pertinent part :

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, **unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.** . . . . **The exclusive remedy** for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers **shall be by action against the governmental entity, or the head of such entity in her or his official capacity**, or the constitutional officer of which the officer, employee, or agent is an employee, **unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.** (emphasis added).

This statute provides immunity for employees of political subdivisions such as the City of Tampa and protects them from liability based upon allegations of simple negligence such as those contained in COUNT I of Plaintiff's "COMPLAINT [DE#2]". *See* <u>Holmes County School</u>

---

[3] See "COMPLAINT [DE#2]: at ¶ 45.

Bd. v. Duffell, 651 So.2d 1176 (Fla. 1995).  The immunity affords the employee police officer protection from liability and from suit.   Willingham v. City of Orlando, 929 So. 2d 43, 47-48 (Fla. 5th DCA 2006).  As such, its applicability should be determined as soon as possible in the litigation, and the Defendant Officer RICHARD HARRELL relies upon the Court as gatekeeper of his immunity from suit. Id.

**B.  No Common Law Duty of Care for Law Enforcement:**

The Plaintiff alleges *"a general duty on the part of law enforcement officers to protect citizens"* ("COMPLAINT [DE#2]", ¶ 25) and claims *"OFFICER RICHARD HARRELL, breached this duty in the following ways: a.  Negligent failure to identify himself as a police officer,  b. Negligent failure to investigate and determine a just course of action, c. Negligent use of a firearm."* ("COMPLAINT [DE#2]", ¶ 26).  While, Florida law does recognize a general public obligation (*duty*) to enforce the law and protect the public, however, the state law also recognizes that the public obligation does not create a common law duty of care, the breach of which could result in negligence liability.   Trianon Park v. City of Hialeah, 468  So. 2d 912, 914-15 (Fla. 1985), Pollack v. Department of Highway Patrol, 882 So. 2d 928 (Fla. 2004).  In fact, the Florida courts have found that the type of conduct alleged by the Plaintiff does not involve a common law duty of care and may not serve as the basis of negligence liability.  *See*, Pritchett v. City of Homestead, 855 So. 2d 1164, 1165 (Fla. 3d DCA 2003) (*"negligent conduct of police investigations does not give rise to a cause of action because the duty to protect citizens and enforce the law is one owed to the general public."*);  *See also*,  Carpenter v. City of St. Petersburg, 547 So. 2d 339, 340, (Fla. 2nd DCA 1989) (*"negligent arrest"* alleged), rev. den. 554 So. 2d 1167 (Fla. 1989);  Holodak v. Lockwood, 726 So. 2d 815, 816 (Fla. 4th DCA 1999) (stating that in government tort suits, plaintiffs must prove that Defendant breached a common

law or statutory duty *"owed to the plaintiff individually and not a tort duty owed to the public generally"*).

### C. <u>No Negligent Intentional Torts in Florida</u>:

In COUNT I of the "COMPLAINT [DE#2]", the Plaintiff alleges that *"OFFICER RICHARD HARRELL, breached his duty"* in the *"[n]egligent use of a firearm."* In the factual allegations contained in paragraph 21 of the "COMPLAINT [DE#2]", the Plaintiff intimates that the shooting of the decedent may have been deliberate and intentional.[4]   However, Florida law does not recognize a cause of action for the negligent use of excessive force or for the negligent commission of an intentional tort.  <u>City of Miami v. Sanders</u>, 672 So.2d 46, 47 (Fla. 3d DCA 1996) ;  <u>City of Miami v. Ross</u>, 695 So. 2d 486 (Fla. 3d DCA 1997).   Thus, the Plaintiff's allegations of negligent use of a firearm in COUNT I of the "COMPLAINT [DE#2]", coupled with allegations suggesting an intentional use of force in the same Count, fail to state a cognizable claim or cause of action under Florida law.

## III. <u>FEDERAL CLAIM</u>:

Because it is unclear whether Plaintiff attempts to predicate her Constitutional claim in COUNT III on negligence or upon intentional conduct of Officer RICHARD HARRELL and because the Officer is entitled to know the specific nature of the allegations against him, COUNT III does not adequately state a Federal claim upon which relief may be granted against Officer RICHARD HARRELL.   When federal claims under §1983 are asserted against an Individual Officer, who claims the shield of *Qualified Immunity* (as is the case with Officer RICHARD HARRELL in the instant case), the Complaint must be viewed by a U.S. District Court under the *heightened pleading standard* as recognized by the 11th Circuit Court of Appeals.   <u>Amnesty Intern., USA v. Battle</u>, 559 F.3d 1170, 1179 (11th Cir. 2009).

---

[4] The allegations of paragraph 21 are adopted in paragraph 24 in COUNT I of the "COMPLAINT [DE#2]".

In _Amnesty_, while a case factually dissimilar from the instant case, the 11th Circuit Court of Appeals set out the law of this Circuit, i.e. that the Supreme Court's ruling in _Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit_, 507 U.S. 163 (1993), while eliminating a _heightened pleading standard_ as to governmental entities, did not eliminate the _heightened pleading standard_ as to Individual Defendant Officers, who can claim the shield of Qualified Immunity.   The _Amnesty_ Court further determined that, to survive Dismissal [5], the Complaint _must_ provide sufficient facts to show that the Defendant Officer violated a constitutional/statutory right and that said alleged right was _clearly established_ at the time of the alleged wrong.  _Amnesty_ at 1179-80.  While, the Plaintiff _may_ be able to plead a clearly establish right that could be _alleged_ to have been violated, as currently asserted, the claim in COUNT III is unclear and therefore fails to meet the _heightened pleading standard_ of this Circuit not to mention the pleading requirements of the Federal Rule of Civil Procedure.

A claim for violation of the Fourth Amendment based upon a seizure, as alleged by the Plaintiff, may be established _"only when there is a governmental termination of freedom of movement through means intentionally applied."_  _County of Sacramento v. Lewis_, 533 U.S. 833, 844 (1988).  The Plaintiff's "COMPLAINT [DE#2]" is unclear as to whether the means applied by Officer RICHARD HARRELL were intentional or unintentional and merely negligent.   The Plaintiff couches her claims in negligence language when she alleges that the _"Defendant, OFFICER RICHARD HARRELL, failed to act reasonably under the totality of the circumstances . . . ."_ ( "COMPLAINT [DE#2]", ¶ 20, adopted in ¶ 41 of COUNT III).   In COUNT III, ¶ 43, the Plaintiff again uses negligence terminology alleging that the Defendant Officer _"failed to adequately assess the scene and circumstances for the use of force."_  The Supreme Court has held that a federal cause of action under 42 U.S.C. §1983 does not extend to conduct that is

---

[5] Citing to: _Fullman v. Graddick_, 739 F.2d 553, 556-57 (11th Cir.1984).

merely negligent.  See <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986);  <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986).  On the four corners of her COMPLAINT AND DEMAND FOR JURY TRIAL [DE#2], the Plaintiff has not clearly and sufficiently pled a Constitutional violation as to Defendant, Officer RICHARD HARRELL and her claim should be dismissed.

## IV.  <u>JOINT  AND  SEVERAL  LIABILITY</u>:

Under the final *"Prayers for Relief"* section of the "COMPLAINT [DE#2]" the Plaintiff requests relief in the form *joint and several liability* of the Defendants, RICHARD HARRELL and CHIEF JANE CASTOR. [6] [7]  However, such recovery under the State Tort claims asserted by the Plaintiff as to the Defendants would be repugnant to the intent of F.S. 768.28.   As an initial matter, it need be noted that suing Defendant, CHIEF JANE CASTOR, in her Official Capacity, as in the case at bar, is an arcane practice that has been recognized by both Federal and State courts in Florida as being the *same as* suing the governmental entity, here, the proper governmental entity being the City of Tampa, a municipal corporation of the State of Florida. <u>Busby v. City of Orlando</u>, 931  F.2d 764, 776 (11th Cir. 1991); <u>Stephens v. City of St. Petersburg</u>, 702 So. 2d 517, 527 (Fla. 2nd DCA 1997); Chapter 768.28, *Florida Statutes*; <u>Dept. of Education v. Roe</u>, 679 So. 2d 756, 759 (Fla. 1996);  <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 361, (1991); <u>Kentucky v. Graham</u> 473 U.S. 159, 105 S.Ct. 3099 (1985).

Since the Defendant, CHIEF JANE CASTOR, in actuality is the *same as* the City of Tampa, as pled in the "COMPLAINT [DE#2]" and in light of the lack of clarity of the "COMPLAINT [DE#2]" as to specific claims alleged against Defendant, Officer RICHARD HARRELL, in his Individual Capacity (*"Individually"*), Officer RICHARD HARRELL asserts that the Plaintiff's request for **joint and several liability** is not supported by Florida law

---

[6] See Page 9 of 10 of the "COMPLAINT [DE#2]".
[7] This same averment is made also in the "DAMAGES" section at ¶ 47 of the "COMPLAINT [DE#2]".

insomuch that imposing *joint and several liability* would contravene the goal behind F.S. § 768.28(9), since the legislative intent of that statute was for individual government employees, and not the government entity to be liable for malice-based torts (including legal malice).   But for torts involving lesser culpability, the legislature intended to protect the employees completely (through immunity from suit), and to limit the exposure the governmental entity, (through the liability cap in F.S. § 768.28(5)).   The *joint liability*, of *effectively* the Defendant, City of Tampa and Defendant, Officer RICHARD HARRELL, for the Plaintiff's claims in this case would give the Plaintiff an end run around the protections intended by the legislature to the extent that the claims against Officer RICHARD HARRELL suggest *malice* and/or *bad faith* in paragraphs 16 through 20 of the "COMPLAINT [DE#2]".   See: <u>Andrew Nguyen MD PA v. Estate of Carlisle</u>, 2007 WL 1560149, 2-4 (N.D. Fla. 2007).

**V.  <u>DAMAGES</u>:**

Defendant, Officer RICHARD HARRELL relies upon his argument against *joint and several liability* as set out above.    Moreover, Defendant, Officer RICHARD HARRELL also argues that the Plaintiff's request for *Pre-Judgment Interest* (¶ 47(h) of the "COMPLAINT [DE#2]) is also misplaced and subject to Dismissal by this Court insomuch that *Pre-Judgment Interest* is specifically prohibited by Florida Statute 768.28(5), which states, in pertinent part:

> The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, **but liability shall not include** punitive damages **or interest for the period before judgment.**  (emphasis added).

**a.   <u>Declaratory and/or Injunctive Relief</u>:**   The Plaintiff further requests relief in the form of *A Declaratory Judgment* and/or *Injunctive Relief*, however neither relief requested is

appropriate as to Defendant, Officer RICHARD HARRELL and the Plaintiff has no *standing* [8] to request such relief from this Court and as such should also be Dismissed.

In the case of <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103 S.Ct. 1660, 1665 (1983) the United States Supreme Court ruled that: *"those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging <u>an actual case or controversy</u>."* (emphasis added).  Further, that the *"past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…."* <u>Id.</u>   In the instant case, the Plaintiff  has not shown in any way why this equitable relief should be granted.   The Plaintiff is not currently seized in any way by Defendant, Officer RICHARD HARRELL or CHIEF JANE CASTOR in her Official Capacity and the Plaintiff has not shown any harassment or on-going contact with Defendant, Officer RICHARD HARRELL or the City of Tampa.   She has alleged that her husband was negligently shot by one police officer of the Tampa Police Department.  Assuming that in the future the Plaintiff herself does not replicate the actions set forth, and obeys the law and is not unlawfully carrying a firearm, there is no reason to believe that there would be any immediate contact with Officer RICHARD HARRELL or any police officers of the Tampa Police Department.   However, the Court should recognize that sworn Law Enforcement Officers of the City of Tampa, including Officer RICHARD HARRELL, might be called upon to investigate criminal matter that might be alleged against the Plaintiff or any other person, and should not be enjoined from performing their sworn, legal duties, to investigate crimes, protect themselves from attack, and otherwise safeguard the public.   As in the case of <u>Lyons</u>, the Plaintiff here has *"failed, moreover to establish the basic requirements of the issuance of equitable relief in these circumstances—the*

---

[8] <u>McNevin v. Baker</u>, 170 So.2d 66 (Fla. 2nd DCA 1965); <u>Dermer v. Miami-Dade County</u>, 599 F.3d 1217 (11th Cir. 2010).

*likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies as law."* Id. at 1666.   Again, the Plaintiff lacks *standing* for the relief requested.

With regards to **"Declaratory Relief"**, the Supreme Court in Ashcroft v. Mattis, 471 U.S. 171, 97 S.Ct. 1739, 1740 (1977), held that *"[f]or a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.'"* (citing to Aetna Life Ins. v. Haworth, 300 U.S. 227, 242 (1937).   In this current action, Plaintiff's request for Injunctive and Declaratory Relief are at best "hypothetical" and  she has not shown any reason to believe there will be any further contact between her (or in fact alleged that there has *been* any contact with her) and Defendant, Officer RICHARD HARRELL or any other Officers of the City of Tampa Police Department.   Also, it is incontrovertible that there will be no further future contact with the deceased.   Assuming that the Plaintiff does not violate any laws and or carry firearms in a threatening manner or otherwise unlawfully, she should have no contact with Officer RICHARD HARRELL or any other Tampa Officer for that matter.   Further, while the Plaintiff may be reasonably upset by the loss of her husband, however that *"emotional involvement in a lawsuit is not enough to meet the case-or-controversy requirement, were the rule otherwise, few cases could ever become moot."* Ashcroft at 1740.   The comprehensive Declaration that the Plaintiff seeks in attempting to "enjoin" the *Defendants* from effectively policing within the corporate city limits of the City of Tampa, is preposterous and unnecessary.

The Plaintiff here is requesting Federal intervention to "enjoin" members of a municipal police department, the City of Tampa, and specifically Officer RICHARD HARRELL essentially, from shooting a man who was allegedly walking along with his gun and not threatening anyone.   The laws of the State of Florida and the United States, would already

protect the Plaintiff and anyone else from shooting of the scenario that she alleges in her "COMPLAINT [DE#2]."   In <u>Rizzo v. Goode</u>, 423 U.S. 561, 607 (1976), the Supreme Court, in a case wherein the respondents requested injunctive relief and were for all intents and purposes looking to direct the actions of the police department, ruled that the Court <u>would not</u> fashion a prophylactic procedure to oversee local law enforcement.   Here, Plaintiff, is attempting to do just that.   Under the apparent guise of not only protecting herself, but also, one would assume, thousands of other persons, the Plaintiff is requesting that the Court direct Officer RICHARD HARRELL and/or the City of Tampa Police to not shoot a person for no good reason.   Such requested relief is not only absurd, but improper and unnecessary and could have a chilling effect on not only Officer RICHARD HARRELL in the continuing performance as a Tampa Police Officer, but also on the hundreds of other Tampa Officers who risk their lives on a daily basis. [9]

## **CONCLUSION**

Based upon the foregoing arguments, the Plaintiff's claims against the Defendant, Officer RICHARD HARRELL are insufficient and the "COMPLAINT [DE#2]" should be dismissed, or, in the alternative, the claims are unclear and confusing and should be re-pled with more clarity in order to allow Defendant to respond.

WHEREFORE, the Defendant, Officer RICHARD HARRELL, respectfully requests that this Honorable Court **Dismiss** the "COMPLAINT [DE#2]" or in the alternative Order a More Definite Statement of the claims and for such other relief as the Court deems appropriate.

Respectfully submitted,

*John A. Makholm*
**John A. Makholm, Esquire**

---

[9] Defendant, Officer RICHARD HARRELL does not address the Injunctive Relief regarding *training, policy, and supervision*, which are all matters not within his control.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **June 28, 2010**, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system who will send electronic notice to: **Anthony T. Prieto, Esquire** (Attorney for Plaintiff), *Prieto, Prieto, & Goan, P.A.* and **Michael P. Maddux, Esquire** (Attorney for Plaintiff) *Michael P. Maddux, P.A.;* and to: **Ursula D. Richardson, Esquire,** (Attorney for Defendant-Chief Jane Castor) *Assistant City Attorney-City of Tampa.*

*John A. Makholm*

**John A. Makholm, Esquire**
FBN: 463302
*The Makholm Law Group*
One Capitol Center
696 - First Avenue North
Suite #205
St. Petersburg, FL 33701-3610
727/823-5100; FAX 727/823-5114
E-Mail: makholm@verizon.net
Attorneys for Defendant,
Officer Richard Harrell
*Defending those who Protect Us!*