**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER VARTANIAN,
Individually and as the Personal Representative
of the Estate of Roobik Vartanian
and on behalf of I.V. as Parent and Natural Guardian
of the minor child, I.V.,

       Plaintiff,

v.                                  CASE NO.: 8:10-cv-01367-SDM-EAJ

OFFICER RICHARD HARRELL,
Individually; and CITY OF TAMPA, Florida.

       Defendants.
_____/

**FIRST AMENDED COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**COMES NOW**, JENNIFER VARTANIAN, by and through her undersigned Counsel, and hereby sues the Defendants, OFFICER RICHARD HARRELL and CITY OF TAMPA (the CITY), demands a jury trial and alleges the following:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule 1.02(b)(4).

3. Venue is proper in this district because it is where the events complained of occurred.

4. Plaintiff, JENNIFER VARTANIAN, timely filed her notice of claim pursuant to § 768.28, Fla. Stat. (2009), regarding her state tort claims against Defendants, OFFICER RICHARD HARRELL and the CITY, and has provided Defendants the required amount of time to resolve their claim. The Defendants have rejected the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

5. Plaintiff, JENNIFER VARTANIAN, is the Personal Representative of the Estate of Roobik Vartanian, deceased.

6. The following are survivors and beneficiaries of a recovery for the wrongful death of Roobik Vartanian:

    a. Jennifer Vartanian, age 25, spouse of Roobik Vartanian;

    b. I.V., age 4, minor child of Roobik Vartanian and Jennifer Vartanian; and

    c. The Estate of Roobik Vartanian.

7. At all times material, Defendant, OFFICER RICHARD HARRELL, was an Officer with the Tampa Police Department, located in Hillsborough County, Florida.

8. The City is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency known as the Tampa Police Department. The City receives federal funds. The City, by and through its officials and employees, is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Tampa and to preserve to its citizens the rights, privileges and immunities

guaranteed and secured to them by the Constitution and the laws of the United States and the State of Florida. The City does not have immunity for violating the civil rights of citizens and has waived sovereign immunity for the negligent acts, wrongful acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Florida Statutes § 768.28.

## FACTUAL ALLEGATIONS

9. On September 6, 2008, the decedent, Roobik Vartanian, was intentionally shot and killed outside of his home by Defendant, OFFICER RICHARD HARRELL, an Officer with the Tampa Police Department, serving in an undercover capacity.

10. Roobik Vartanian was a security manager at Club Prana, located at 1619 East 7th Avenue, Tampa, Florida 33605, and was at work on the night of the incident.

11. While Roobik Vartanian was at work, two men who were patrons at the club were causing trouble. Roobik Vartanian tried to calm the situation down but was threatened by these two men.

12. The two men stated that they knew where Roobik Vartanian lived. They then proceeded to leave the club and walk towards Roobik Vartanian's house which was located behind the club.

13. In an attempt to defend his home and his family, Roobik Vartanian obtained a gun from another employee of the bar. He knew that his "baby," three year old I.V. was in his house, and wanted to protect her.

14. While walking to his house with the gun at his side, Roobik Vartanian was intentionally shot and killed by the Defendant, OFFICER RICHARD HARRELL, under facts

and circumstances that demonstrate his actions were not reasonable.

15. The shooting was a forcible seizure of Roobik Vartanian's person without probable cause.

16. Defendant, OFFICER RICHARD HARRELL, was the passenger of an unmarked police van and was not dressed in a police uniform. According to witnesses, at no time prior to the shooting did the Defendant, OFFICER RICHARD HARRELL, or the other undercover officer, identify themselves or attempt to resolve the situation without the use of deadly force.

17. According to witnesses, Roobik Vartanian never threatened the officers or raised the gun at the officers.

18. As Roobik Vartanian attempted to walk towards his home, the unmarked van pulled up to the scene of the incident, Defendant, OFFICER RICHARD HARRELL, jumped out of the van and immediately fired a shot at Roobik Vartanian resulting in his death shortly after at Tampa General Hospital.

19. The officers who were in a van and drove up to the scene were not able to hear Roobik Vartanian make any alleged threats or see the gun that Roobik Vartanian was holding at his side.

20. Without hearing threats or seeing a gun, the officers had no probable cause to believe that Roobik Vartanian was committing a crime, had committed a crime or posed a threat of serious physical harm to them or any citizens.

21. Defendant, OFFICER RICHARD HARRELL, failed to act reasonably under the totality of circumstances and rushed to use and did use deadly force when the circumstances did not justify the use of deadly force.

22. This was not a split second decision by the officers. The officers had time to hear the alleged threat, drive the van to the scene where Roobik Vartanian was walking, get out of the van, chose not to identify themselves, and then OFFICER RICHARD HARRELL shot Roobik Vartanian. The time frame and facts and circumstances surrounding the event establish that the officers had other options than the use of deadly force. The situation was more than a split second life or death situation that the officers were faced with and the shooting was not reasonable under the circumstances.

23. Roobik Vartanian was shot and killed as a result of the wrongful acts that Defendant, OFFICER RICHARD HARRELL, performed on behalf of the Tampa Police Department while in the course and scope of employment with the City of Tampa.

24. Because of his untimely and avoidable death, Roobik Vartanian leaves behind a grieving widow, Plaintiff, JENNIFER VARTANIAN, and a minor child, daughter, I.V. He was the sole provider for his family.

## COUNT I

### Battery-Defendant, the City

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-24 above, and further alleges:

26. Defendant, OFFICER RICHARD HARRELL, battered Roobik Vartanian, which is actionable against Defendant, the City, in its official capacity, pursuant to § 768.28, Fla. Stat. (2009).

27. Defendant, OFFICER RICHARD HARRELL, intentionally fired his gun at Roobik Vartanian, who was not provided a warning. Defendant, OFFICER RICHARD HARRELL, never advised Roobik Vartanian that his failure to surrender would result in him

being shot, causing his death. The conduct of Defendant, OFFICER RICHARD HARRELL, towards Roobik Vartanian constitutes the unnecessary use of force.

28. The amount of force used by Defendant, OFFICER RICHARD HARRELL, against Roobik Vartanian was unreasonable and unnecessary for Defendant, OFFICER RICHARD HARRELL, to defend himself, or any other person from bodily harm during the apprehension and arrest of Roobik Vartanian.

29. The unreasonable and unnecessary use of force by Defendant, OFFICER RICHARD HARRELL, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, OFFICER RICHARD HARRELL, should have foreseen, in a harmful and offensive contact of Vartanian Roobik, against his will.

30. The actions of Defendant, OFFICER RICHARD HARRELL, constituted nonconsensual touch or strike battery causing the death of Vartanian Roobik in violation of Florida law and were performed in the course and scope of his employment with the City of Tampa Police Department.

31. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, OFFICER RICHARD HARRELL, the Plaintiff, JENNIFER VARTANIAN was required to and did incur expenses, which include medical and funeral expenses connected to the death of Roobik Vartanian. In addition to loss of Roobik Vartanian's expected earnings between the time of his death and his expected retirement or death, loss of benefits such as pension plans and medical coverage, loss of inheritance, loss of consortium, and pain and suffering.

## COUNT II

### False Arrest-Defendant, the City

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-24 above, and further alleges:

33. Defendant, OFFICER RICHARD HARRELL, falsely arrested Roobik Vartanian, which is actionable against Defendant, the City, in its official capacity, pursuant to § 768.28, Fla. Stat. (2009).

34. As a direct and proximate result of Defendant, OFFICER RICHARD HARRELL's, false arrest of Roobik Vartanian that occurred in the course and scope of his employment with the City of Tampa Police Department, he suffered an untimely death.

35. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, OFFICER RICHARD HARRELL, the Plaintiff, JENNIFER VARTANIAN was required to and did incur expenses, which include medical and funeral expenses connected to the death of Roobik Vartanian. In addition to loss of Roobik Vartanian's expected earnings between the time of his death and his expected retirement or death, loss of benefits such as pension plans and medical coverage, loss of inheritance, loss of consortium, and pain and suffering.

## COUNT III

### 42 U.S.C § 1983 Excessive Force Claim-Defendant, Officer Richard Harrell

36. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-24 above, and further alleges:

37. Defendant, OFFICER RICHARD HARRELL, unlawfully seized Roobik Vartanian when he intentionally fired a shot at Roobik Vartanian. Defendant, OFFICER RICHARD HARRELL's, use of force constituted excessive, unjustified and unnecessary force

under the facts and circumstances and caused the death of Roobik Vartanian.

38. Defendant, OFFICER RICHARD HARRELL's, use of excessive force was particularly egregious given that the Officer failed to identify himself, investigate the situation, give any warning to the decedent, or consider that Roobik Vartanian might be defending himself or his family in a lawful manner.

39. Defendant, OFFICER RICHARD HARRELL, utterly and completely failed to adequately assess the scene and circumstances for the use of force. The use of force was disproportionate to the facts, circumstances and any claimed need for force.

40. This cause of action is brought by Plaintiff, JENNIFER VARTANIAN, against Defendant, OFFICER RICHARD HARRELL, for the excessive use of force under color of law that deprived Roobik Vartanian of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendant, OFFICER RICHARD HARRELL, while acting in his capacity as an undercover police officer and under color of law, did unlawfully seize and use excessive force on Roobik Vartanian in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## DAMAGES

42. Plaintiff repeats and realleges all paragraphs of this Complaint and incorporates them by reference herein.

43. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, OFFICER RICHARD HARRELL and the CITY, Roobik Vartanian was killed. As a direct and proximate result of the wrongful death of Roobik Vartanian, Plaintiff,

JENNIFER VARTANIAN, suffered damages. Plaintiff, JENNIFER VARTANIAN, seeks recovery from the Defendants of all damages to which she may be entitled under state and federal law for the injuries and damages to Plaintiff, JENNIFER VARTANIAN, and which include, but are not limited to, the following:

    a.    Emotional Pain and Suffering of a past, present and future nature;

    b.    Medical and funeral expenses connected to the death of Roobik Vartanian;

    c.    Loss of Roobik Vartanian's expected earnings between the time of his death and his expected retirement or death;

    d.    Loss of benefits such as pension plans and medical coverage;

    e.    Loss of inheritance;

    f.    Loss of consortium;

    g.    Loss of care, protection, nurturing, and companionship;

    h.    Post-Judgment Interest;

    i.    Statutory and Discretionary Costs;

    j.    Attorney's fees where permitted by statute or contract;

    k.    All such further relief, both general and specific, to which she may be entitled under the premises.

## **PRAYERS FOR RELIEF**

44.    Plaintiff repeats and realleges all paragraphs of this Complaint and incorporates them by reference herein.

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff, JENNIFER VARTANIAN, sues the Defendants, OFFICER RICHARD HARRELL and the CITY for the wrongful death of Roobik Vartanian and prays for a judgment against the Defendants for compensatory damages in

an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which she may be entitled under the premises.

A JURY TRIAL IS RESPECTFULLY DEMANDED ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Counsel for the Plaintiff,

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: patteson@flash.net

and

Anthony T. Prieto, Esquire
**PRIETO, PRIETO & GOAN, P.A.**
Trial Counsel for Plaintiff
Florida Bar Number: 195529
3705 North Himes Avenue
Tampa, Florida 33607
Telephone: (813) 877-8600
Facsimile: (813) 876-1884
E-Mail: atp11475@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY** certify that on this   12th   day of  July , 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to John A. Makholm, Esquire, 696 - First Avenue North, Suite 205, St.

Petersburg, Florida 33701-3610 *and* Ursula D. Richardson, Esquire, City Attorney's Office, 315 East Kennedy Boulevard, 5th Floor, Tampa, Florida 33602.

          **MICHAEL P. MADDUX, P.A.**

          *s/ Michael P. Maddux*
          Michael P. Maddux, Esquire