# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JENNIFER VARTANIAN,**
**Individually and as the Personal Representative**
**of the Estate of Roobik Vartanian**
**and on behalf of I.V. as Parent and**
**Natural Guardian of the minor child, I.V.,**

      **Plaintiff,**

**vs.**                             **CASE NO.:  8:10-CV-01367-SDM-EAJ**

**OFFICER RICHARD HARRELL,**
**Individually; and CITY OF TAMPA, Florida,**

      **Defendants.**

_____/

## DEFENDANT  OFFICER  RICHARD  HARRELL'S  MOTION  TO  DISMISS  PLAINTIFF'S  FIRST  AMENDED  COMPLAINT,  OR  IN THE ALTERNATIVE,  MOTION  FOR  MORE DEFINITE STATEMENT  AND  MEMORANDUM  OF  LAW

COMES NOW the Defendant, OFFICER RICHARD HARRELL, in his Individual Capacity (*"Individually"*), by and through his undersigned counsel and pursuant to Rule 12 (b), Fed.R.Civ.P., **moves** this Honorable Court to **Dismiss** the Plaintiff's FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL [DE#8] (hereinafter "FIRST AMENDED COMPLAINT [DE#8]"), or in the alternative pursuant to Rule 12(e), files his **Motion for More Definite Statement**, and in support of said Motions says as follows:

## ARGUMENT  AND  MEMORANDUM  OF  LAW

1.      The Plaintiff, JENNIFER VARTANIAN, appears to be attempting to sue in three capacities: (1) *"Individually"*; (2) *As Personal Representative of the Estate of Roobik Vartanian;* and (3) on behalf of I.V. as Parent and Natural Guardian of the minor child, I.V..   However, under Florida Law and, and thereby, also under Federal Law, JENNIFER VARTANIAN has no *standing* to sue in this matter other than for *Wrongful Death* as *Personal Representative of the Estate.*

2.      Under case law of this Court, JENNIFER VARTANIAN is also foreclosed from asserting a 42 U.S.C. § 1983 claim against Defendant, Officer RICHARD HARRELL, on the facts of this case, other than in her *Capacity* of *Personal Representative of the Estate of Roobik Vartanian.*

3.      Under the *Heightened Pleading Standard* of the 11th Circuit Court of Appeals, as it applies to Defendant Officers sued in their *Individual Capacity* who are *eligible* to assert the shield of *Qualified Immunity*, such as Officer RICHARD HARRELL here, the "FIRST AMENDED COMPLAINT [DE#8]" is deficient and does not comport with the *Heightened Pleading Standard* since COUNT III adopts paragraphs (facts) and makes other assertions that cannot support a 42 U.S.C. § 1983 claim for a 4th Amendment Violation.

## STATEMENT  OF  THE  CASE

1.      On or about **May, 25 2010**, the Plaintiff filed her Complaint in the Circuit Court of the Thirteenth Judicial Circuit In and For Hillsborough County, Florida.

2.      Thereafter, on **June, 17, 2010**, following service on the two Defendants, Removal was effected to this Honorable Court by the Defendants.

3.      On or about **June 22, 2010**, following assignment, the undersigned filed a NOTICE OF APPEARANCE [DE#3] on behalf of the Defendant, Officer RICHARD HARRELL.

4.      On or about **June 28, 2010**, the Defendant, CITY OF TAMPA (Chief JANE CASTOR) filed its MOTION TO DISMISS [DE#5].

5.      On or about **June 28, 2010**, the Defendant, Officer RICHARD HARRELL responded to the Plaintiff's "COMPLAINT [DE#2]" with his MOTION TO DISMISS [DE#6].

6.      On or about **July 12, 2010**, in response to the Motions to Dismiss, without leave of Court, or need for such leave, the Plaintiff filed her FIRST AMENDED COMPLAINT [DE#8].

7.      On or about **July 23, 2010**, the CITY OF TAMPA filed its MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [DE#10].

8.      Herein the Defendant, Officer RICHARD HARRELL, responds to the Plaintiff's "FIRST AMENDED COMPLAINT [DE#8]" with this MOTION TO DISMISS or in the alternative, MOTION FOR A MORE DEFINITE STATEMENT.

## **STANDARD OF REVIEW**

Under Rule 12(b)(6) Fed.R.Civ.P., a **Motion to Dismiss** tests the sufficiency of a Complaint in order to determine whether the Complaint sets forth *"sufficient allegations"* to establish a claim for relief.   Under Warth v. Seldin, 422 U.S. 490, 501 (1975), the Court is compelled to construe the Complaint in a light most favorable to the Plaintiff and to accept the truth of the *"well pleaded facts."*   Also, in deciding on a **Motion to Dismiss**, the Court can examine only the four (4) corners of the Complaint. Rickman v. Precisionaire, Inc., 902 F.Supp. 232, 233 (M.D. Fla.1995).   However, it has been has held that unwarranted deductions of Fact

pled in a Complaint by a Plaintiff need <u>not</u> be accepted as true.  <u>May v. Hatter</u>, 2001 WL 579782

at Pg. 3 (S.D. Fla. 2001).

      While the Court must accept all factual allegations of the Complaint as true in evaluating

a MOTION TO DISMISS under Rule 12(b)(6), Fed.R.Civ.P., this requirement does not apply to

*legal conclusions*, as recently held by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, ---

U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).   Specifically the Supreme Court held that:

> "Under **Federal Rule of Civil Procedure 8(a)(2),** a pleading must contain
> a 'short and plain statement of the claim showing that the pleader is entitled
> to relief.' As the Court held in <u>Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167
> L.Ed.2d 929, the pleading standard Rule 8 announces does not require
> 'detailed factual allegations,' **but it demands more than an unadorned,
> the-defendant-unlawfully-harmed-me accusation**. <u>Id</u>., at 555, 127 S.Ct.
> 1955 (citing <u>Papasan v. Allan</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92
> L.Ed.2d 209 (1986)). **A pleading that offers '<u>labels and conclusions</u>' or 'a
> formulaic recitation of the elements of a cause of action will not do.'**
> 550 U.S., at 555, 127 S.Ct. 1955.   **Nor does a complaint suffice if it
> tenders 'naked assertion[s]' devoid of 'further factual enhancement.'**
> <u>Id</u>*.,* at 557, 127 S.Ct. 1955.
>
> [12][13] To survive a **motion to dismiss**, a complaint **must contain
> sufficient factual matter, accepted as true, <u>to 'state a claim to relief that
> is plausible on its face</u>.'** <u>Id</u>*.,* at 570, 127 S.Ct. 1955. **A claim has <u>facial
> plausibility</u> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for
> the misconduct alleged**. Id*.,* at 556, 127 S.Ct. 1955. **The plausibility
> standard** is not akin to a 'probability requirement,' but it **asks for more
> than a sheer possibility that a defendant has acted unlawfully. <u>Ibid</u>**.
> Where a complaint pleads facts that are 'merely consistent with' a
> defendant's liability, **it 'stops short of the line between possibility and
> plausibility of "entitlement to relief."** ' <u>Id</u>*.,* at 557, 127 S.Ct. 1955
> (brackets omitted).  (emphasis added)."
>
> Moreover: "…a court must accept as true all of the allegations contained in
> a complaint is inapplicable to legal conclusions.  **Threadbare recitals of
> the elements of a cause of action, supported by mere conclusory
> statements, do not suffice.** Id*.,* at 555, 127 S.Ct. 1955 (Although for the
> purposes of a motion to dismiss we must take all of the factual allegations
> in the complaint as true, **we *1950 'are not bound to accept as true a
> legal conclusion couched as a factual allegation.**'"

Moreover:  In the case of <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist</u>*,* 992 F.2d 1171, 1174 (11th Cir. 1993), the 11th Circuit held that:

> "…**a court should grant a motion to dismiss** where the factual allegations in the plaintiff's complaint **present a dispositive legal issue precluding relief**." (emphasis added).

Additionally, when the allegations are asserted against an Individual Officer, *who is eligible to claim* the shield of *Qualified Immunity* (as the DEFENDANT OFFICER RICHARD HARRELL asserts in this case), the Complaint must be viewed by a U.S. District Court under the *heightened pleading standard* as recognized by the 11th Circuit Court of Appeals.  <u>Amnesty Intern., USA v. Battle</u>, 559 F.3d 1170, 1179 (11th Cir. 2009).

In <u>Amnesty</u>, a case factually dissimilar from the instant case, the 11th Circuit Court of Appeals set out the law of this Circuit, i.e. that the Supreme Court's ruling in <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>*,* 507 U.S. 163 (1993), while eliminating a *heightened pleading standard* as to governmental entities, did <u>not</u> eliminate the *heightened pleading standard* as to Individual Defendant Officers, *who are eligible to claim* the shield of Qualified Immunity [1], as is the case with Defendant, Officer RICHARD HARRELL, in the case at bar.  <u>Amnesty</u> at 1179.

### **MEMORANDUM OF LAW**

### **Plaintiff's Standing**

As noted by this Honorable Court [2] and the 11th Circuit [3] *Standing* as a party to sue, is is a *threshold jurisdictional question*, which must be addressed prior to and independent of the merits of a party's claims.    While 42 U.S.C. § 1983 [4] , is silent as to who has *standing* to file a

---

[1] Assuming, for the purposes of this pleading, that JENNIFER VARTANIAN *is* the lawful *Personal Representative* of the Estate.
[2] <u>Veltman v. Walpole Pharmacy, Inc.</u>, 928 F.Supp. 1161 (M.D. Fla. 1996)
[3] <u>Amnesty Intern., USA v. Battle</u>, 559 F.3d 1170, 1177 (11th Cir. 2009).

claim based on *wrongful death* of another, the governing rules are provided by state law, here the laws of the State of Florida, pursuant to 42 U.S.C. § 1988 as recognized by the U.S. Supreme Court in <u>Robertson v. Wegmann</u>, 436 U.S. 584 (1978).

Notwithstanding the enumerated and titled Counts of the "FIRST AMENDED COMPLAINT [DE#8]", it appears clear that the Plaintiff, JENNIFER VARTANIAN is attempting to assert a claim of *wrongful death* on behalf of the Estate of Roobik Vartanian, her deceased husband.    This fact is specifically stated in ¶ 43 of the "FIRST AMENDED COMPLAINT [DE#8]."   As such, per <u>Robertson</u>, such *wrongful death* action is governed by the laws of the State of Florida, to wit: Chapter 768.20, *Florida Statutes*, outlines who is entitled to recover for *wrongful death* and how.   In the case of <u>North v. Precision Airmotive Corp.</u>, 600 F.Supp.2d 1263, 1266 (M.D. Fla. 2009), this Honorable Court held that the surviving wife could <u>only</u> sue in her capacity as *Personal Representative of the Estate* of her deceased husband for his alleged *wrongful death*, citing to Florida Law in making that holding.   That JENNIFER VARTANIAN is, in fact, asserting *wrongful death* under this Statute is supported, not only by <u>Robertson</u>, but also by the Plaintiff's listing of the various potential beneficiaries of a recovery for *wrongful death* and their relationships to the decedent in ¶'s 5 & 6, and in ¶ 43 (a-k) of the "FIRST AMENDED COMPLAINT [DE#8], as required by F.S. 768.21.  It should be noted that limiting JENNIFER VARTANIAN to suing as *Personal Representative of the Estate* in no way prejudices the Plaintiff or her child as set out in Chapter 768.20 and 768.21, *Florida Statutes*.

Defendant, Officer RICHARD HARRELL does not question, in theory, the Plaintiff, JENNIFER VARTANIAN's *standing* in her alleged *capacity* as *the Personal Representative of the Estate of Roobik Vartanian,*[5] however Officer RICHARD HARRELL *does* question and

---

[4] Asserted in COUNT III of the FIRST AMENDED COMPLAINT [DE#8] as to Officer RICHARD HARRELL.
[5] Assuming that she is *in fact* duly appointed by the appropriate court of law to serve as Personal Representative, a fact claimed, but as yet, not proven unto this Court or the Defendant, Officer RICHARD HARRELL.

objects to JENNIFER VARTANIAN's *standing* as and *Individual* (*"Individually"* [6]) and her *standing* as *Parent and Natural Guardian of the minor child, I.V..*[7]

    In order to have *standing*, the prospective Plaintiff must establish:

> **(1) an injury in fact**, which is concrete and particularized and actual or imminent;
> **(2)** a causal connection between the injury and the causal conduct;
> **and (3)** a substantial likelihood that a favorable decision will redress the injury. (emphasis added). <u>Amnesty</u> at 1177.

Defendant, Officer RICHARD HARRELL argues that under both Chapter 768.20 and 768.21, *Florida Statutes* i.e.: the *Wrongful Death* claim and under 42 U.S.C. § 1983, JENNIFER VARTANIAN cannot satisfy prong number (1), i.e.: she has not demonstrated unto this Court, nor it is believed that she can demonstrate, that <u>she</u> has any *Injury*, that would allow her *standing* as an *Individual* (or as a Parent or Guardian), before this Court [8], since she is foreclosed by state law from maintaining a *Wrongful Death* claim in her *Individual* capacity or as a Parent. she is also foreclosed from a Federal Claim under the ruling of <u>Robertson</u> and <u>North v. Precision Airmotive Corp.</u>,.   JENNIFER VARTANIAN has not shown and cannot show that Officer RICHARD HARRELL ever deprived <u>her</u> of any of *her* rights guaranteed by the Constitution of the United States of America.

<u>**Plaintiff's Claims as to Officer Richard Harrell**</u>

<u>**Count III – 42 U.S.C. § 1983 Excessive Force Claim**</u>

    It is unclear whether Plaintiff attempts to predicate her Constitutional claim in COUNT III on *negligence* or upon some other *"State Tort"* as averred in ¶ 4 of the FIRST AMENDED COMPLAINT [DE#8] [9], or upon intentional conduct of Officer RICHARD HARRELL (or

---

[6] See the style of this Case.
[7] <u>Id</u>.
[8] Or before a State Court in the State of Florida for that matter.
[9] *"Plaintiff, JENNIFER VARTANIAN, timely filed her* **state tort claims** *against* **Defendants, OFFICER RICHARD HARRELL** *and the CITY…***The Defendants have rejected the claim***…."*   <u>**SPECIAL NOTE:**</u> For the record: the

both).  The Defendant Officer is entitled to know the specific nature of the claim(s) made against him, COUNT III does not adequately state a Federal claim upon which relief may be granted against Officer RICHARD HARRELL.   When federal claims under §1983 are asserted against an Individual Officer, who is eligible to be shielded by *Qualified Immunity* (as is the case with Officer RICHARD HARRELL in the instant case), the Complaint must be viewed by a U.S. District Court under the *heightened pleading standard* as recognized by the 11th Circuit Court of Appeals.  <u>Amnesty Intern., USA v. Battle</u>, 559 F.3d 1170, 1179 (11th Cir. 2009).

In <u>Amnesty</u>, a case factually dissimilar from the instant case, the 11th Circuit Court of Appeals set out the law of this Circuit, i.e. that the Supreme Court's ruling in <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993), while eliminating a *heightened pleading standard* as to governmental entities, did <u>not</u> eliminate the *heightened pleading standard* as to Individual Defendant Officers, who can claim the shield of Qualified Immunity.   The <u>Amnesty</u> Court further determined that, to survive Dismissal [10], the Complaint *must* provide sufficient facts to show that the Defendant Officer violated a constitutional/statutory right <u>and</u> that said alleged right was *clearly established* at the time of the alleged wrong.   <u>Amnesty</u> at 1179-80.  While, the Plaintiff *may* be able to plead a clearly establish right that could be *alleged* to have been violated [11], as currently asserted, the claim in COUNT III is unclear and therefore fails to meet the *heightened pleading standard* of this Circuit not to mention the pleading requirements of the Federal Rule of Civil Procedure.

---

undersigned certifies to this Court that: (1) FS 768.28 does not *require* <u>Notice</u> to an Defendant Individual Officer, such as RICHARD HARRELL here, and (2) the Plaintiff's representation to the Court is <u>false</u> since Defendant, Officer RICHARD HARRELL <u>never</u> rejected a "Claim" by JENNIFER VARTANIAN and *in fact* never even received the *Notice* referred, notwithstanding, that it was not required by FS 768.28.

[10] Citing to: <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir.1984).

[11] Within the framework of Chapters 768.20 and 768.21.

A claim for violation of the Fourth Amendment based upon a seizure, as alleged by the Plaintiff, may be established *"only when there is a governmental termination of freedom of movement through means intentionally applied."* County of Sacramento v. Lewis, 533 U.S. 833, 844 (1988).   The Plaintiff's "FIRST AMENDED COMPLAINT [DE#8]", by virtue of its adoption of ¶ 4[12] is unclear as to whether the means applied by Officer HARRELL were intentional or unintentional and merely *negligent* since both are stated or implied.   In fact, in ¶ 4, in pertinent part, the Plaintiff alleges she *noticed* the Defendants *"...regarding her **state tort claims** against...Officer RICHARD HARRELL.*   In light of the adoption of ¶ 4, the Plaintiff couches her claims in negligence language when she alleges that the *"Defendant, OFFICER RICHARD HARRELL, failed to act reasonably under the totality of the circumstances . . . ."* ( "FIRST AMENDED COMPLAINT [DE#8]", ¶ 21, adopted in ¶ 36 of COUNT III).   In COUNT III, ¶ 39, the Plaintiff again uses *negligence-oriented* verbiage in alleging that the Defendant Officer RICHARD HARRELL *"...utterly and completely failed to adequately assess the scene and circumstances for the use of force."*   The Supreme Court has held that a federal claim under 42 U.S.C. §1983 does not extend to conduct that is merely *negligent*.   See Daniels v. Williams, 474 U.S. 327, 328 (1986);   Davidson v. Cannon, 474 U.S. 344, 347 (1986).   Thus, the above referenced verbiage from ¶ 39 is inappropriate for alleging a 42 U.S.C. § 1983 claim against Officer HARRELL.   Moreover, the above quoted allegation from ¶ 39, as well as ¶ 22, are for the most part *conclusory* and speculative and thus inappropriate to support a Federal Claim against Officer RICHARD HARRELL in light of the *heightened pleading* standard of the 11th Circuit Court of Appeals, since *conclusory allegations* contained in the complaint should not be accepted as true.   Gersten v. Rundle, 833 F.Supp. 906, 910 (S.D. Fla. 1993), affm'd by Gersten v. Rundle, 56 F.3d 1389 (11th Cir. 1995), see also: Bennett v. Parker, 898 F.2d 1530, 1534 (11th

---

[12] ¶ 4: *"Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-24 above...."*

Cir.1990).    Interestingly, and contradictorily, in ¶ 22  the Plaintiff avers that *"[t]he officer had time to hear the alleged threat…."*   So, *the officers*, whoever *they* are, had the *time* to *hear the threat*, but did not hear it?   Or, is it alleged that they chose not to hear it?   It is thoroughly confusing, and therefore patently unjust to Officer RICHARD HARRELL, (who risked his life in this encounter with Roobik Vartanian, who under the Plaintiff's facts, [13] was walking along carrying a gun!) under this Circuit's *heightened pleading* standard, for him to have to answer such imprecise, contradictory, and conclusory allegations.

The Plaintiff's allegations against Officer RICHARD HARRELL are also contradictory and confusing when "Factual Allegations" ¶ 19 and ¶ 20 are read in concert with ¶ 22 [14], to wit: ¶ 19 alleges that *"[t]he officers…**were not <u>able to hear</u> Roobik Vartanian make any alleged threats** or see the gun that Roobik Vartanian was carrying by his side."*   (emphasis added). Then, ¶ 20, in pertinent part*, continues on that *"**[w]ithout hearing threats** or seeing a gun, the officers had no probable cause to believe that Roobik Vartanian was committing a crime…."* (emphasis added).   Thus, again, the Plaintiff's *conclusory allegation* is that the Officers *were not able to hear* (or *could not hear*) the threats that Roobik Vartanian made or see the gun he was carrying in plain view <u>or</u> chose not to hear them.   In any case, those allegations are unclear and conclusory.

On the four corners of her "FIRST AMENDED COMPLAINT [DE#8]", the Plaintiff has not clearly and sufficiently pled a Constitutional violation as to Defendant, Officer RICHARD HARRELL and as such her claim(s) should be **Dismissed**.

---

[13] See: ¶'s 13 and 14 of the "FIRST AMENDED COMPLAINT [DE#8]".
[14] <u>Id</u>.

## <u>CONCLUSION</u>

Based upon the foregoing arguments, the Plaintiff's Federal claim against the Defendant, Officer RICHARD HARRELL is insufficient and the "FIRST AMENDED COMPLAINT [DE#8]" should be **Dismissed**, or, in the alternative, the claims are unclear and confusing and should be re-pled with more clarity in order to allow Defendant to fully respond.

WHEREFORE, the Defendant, OFFICER RICHARD HARRELL, respectfully requests that this Honorable Court **Dismiss** the "FIRST AMENDED COMPLAINT [DE#8]" or in the alternative Motions that the Court Order a More Definite Statement of the claims and for such other relief as the Court deems appropriate.

Respectfully submitted,

*John A. Makholm*
**John A. Makholm, Esquire**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **June 26, 2010**, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system who will send electronic notice to: **Anthony T. Prieto, Esquire** (Attorney for Plaintiff), *Prieto, Prieto, & Goan, P.A.* and **Michael P. Maddux, Esquire** (Attorney for Plaintiff) *Michael P. Maddux, P.A.;* and to: **Ursula D. Richardson, Esquire,** (Attorney for Defendant, City of Tampa) *Assistant City Attorney-City of Tampa.*

*John A. Makholm*

**John A. Makholm, Esquire**
FBN: 463302
*The Makholm Law Group*
One Capitol Center
696 - First Avenue North
Suite #205
St. Petersburg, FL 33701-3610
727/823-5100; FAX 727/823-5114
E-Mail: makholm@verizon.net
Attorneys for Defendant,
Officer Richard Harrell
*Defending those who Protect Us!*