**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JENNIFER VARTANIAN,**
**as the Personal Representative**
**of the Estate of Roobik Vartanian,**

          **Plaintiff,**

**v.**                             **CASE NO.: 8:10-CV-01367-SDM-EAJ**

**OFFICER RICHARD HARRELL,**
**Individually; and CITY OF TAMPA, Florida.**

          **Defendants.**

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, CITY OF TAMPA'S,**
**MOTION TO DISMISS COUNT II OF FIRST AMENDED COMPLAINT**

    **COMES NOW** the Plaintiff, JENNIFER VARTANIAN, by and through her undersigned

Counsel and in response to the Defendant, CITY OF TAMPA'S, Motion to Dismiss Count II of

the First Amended Complaint, would respectfully state as follows:

**I**. **STANDARD OF REVIEW FOR 12(b)(6) MOTION**

    In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 113

S.Ct. 1160, 1163 (1993), the Supreme Court noted the standard of review to be followed in a

civil rights case being analyzed pursuant to a 12(b)(6) motion:

> We think that it is impossible to square the Aheightened pleading standard@ applied by
> the Fifth Circuit in this case with the liberal system of Anotice pleading@ set up by the
> Federal Rules.  Rule 8(a)(2) requires that a complaint include only a short and plain
> statement of the claim showing the pleader is entitled to relief.  In *Conley v. Gibson*,
> [citation omitted], we said in effect that the Rule meant what it said:
>
> > [T]he Federal Rules of Civil Procedure do not require a claimant to set out in
> > detail the facts upon which he bases his claim.  To the contrary, all the Rules
> > require is `a short and plain statement of the claim' that will give the defendant
> > fair notice of what the plaintiff's claim is and the ground upon which it rests.

The object of F.R.C.P. 12(b)(6) is to test the sufficiency of the pleading. *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176 (6th Cir. 1975). AThe judicial standard governing the court's grant of such a motion [to dismiss] is whether it >appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.=@ *Conley v. Gibson*, 335 U.S. 41, 45B46 (1957). In addition, Ain making such a determination, the complaint is to be liberally construed in favor of the plaintiff and all factual allegations and permissible inferences in the complaint are to be accepted as true.@ *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987). With these considerations in mind, a court may only grant a motion to dismiss under F.R.C.P. 12(b)(6) where the allegations in the Complaint are legally insufficient to entitle a plaintiff to any relief. *Dunn v. Tennessee*, 697 F.2d 121 (6th Cir. 1982).

It is well documented in civil rights jurisprudence that motions to dismiss are to be carefully scrutinized and only granted in extreme circumstances.[1] Further, even at the summary judgment stage, it is well established that questions concerning a person=s credibility and state of mind (such as intent, motive, accident) are rarely disposed of by pre-trial motion.[2] Based on

---

[1] *See e.g. U.S. General, Inc. v. Schoeder*, 400 F.Supp. 713 (D.C. Wis. 1975); *Owens v. Housing Authority of City of Stamford*, 394 F.Supp. 1267 (D.C. Conn. 1975); *Saffioti v. Wilson*, 392 F.Supp. 1335 (S.D.N.Y. 1975); *Mercado v. Kingsley Area Schools/Traverse City Public Schools Adult Educ. Consortium*, 727 F.Supp. 335 (W.D. Mich. 1989); *Mahoney v. National Organization for Women*, 681 F.Supp. 129 (D. Conn. 1987).

[2] *See Consolidated Gas v. City Gas of Florida,* 623 F.Supp. 1357, 1362 (S.D. Fla. 1985), *citing Poller v. Columbia Broadcasting*, 368 U.S. 464, 473 (1962) (Asummary judgment should be used sparingly ... where motive and intent play leading roles, the proof is largely in the hands of alleged conspirators, and hostile witnesses thicken the plot@); *Hutchinson v. Proxmire*, 443 U.S. 111 (1979); (same); *Graham v. Long Island R.R.*, 230 F3d 34, 38 (2nd Cir. 2000) (commenting that summary judgment is used Asparingly@ where intent and state of mind are implicated); *EMI Catalogue Partnership v. Hill*, 228 F.3d 56, 61 (2nd Cir. 2000) (Acaution@ must be observed with issues involving defendant=s intent); *U.S. ex. rel. Cantekin v. Univ. of Pittsburgh*, 192 F.3d 402, 411 (3rd Cir. 1999); (noting that Abasic rule@ that state of mind issues typically should not be decided on summary judgment); *Mendocino Envt=l Center  v. Mendocino County*, 192 F.3d 1283, 1302 (9th Cir. 1999) (observing that state of mind questions are factual issues inappropriate

the foregoing standard and with these constitutional considerations in mind, Plaintiff respectfully

submits that Defendant, CITY OF TAMPA'S, Motions to Dismiss should be denied.

Additionally, given the lesser standards of 12(b)(6) motions, case law supports the denial

of this motion. As the Supreme Court noted in *Crawford-El v. Britton*, 118 S.Ct. 1584, 1594,

n.14 (1998):

> Discovery involving public officials is clearly one of the evils that *Harlow* aimed to
> address, but neither that opinion nor subsequent decisions create immunity from all
> discovery.   *Harlow* sought to protect officials from the costs of "broad-reaching"
> discovery … and we have since recognized that limited discovery may sometimes be
> necessary before the district court can resolve a motion for summary judgment based on
> qualified immunity.

Consequently, given the liberal construction of the complaint, the early phase of the litigation

and the need for discovery, the motion should be denied.

## II. <u>COUNT II – FALSE ARREST</u>

The elements of a cause of action for false imprisonment/arrest include: (1) the unlawful

detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal

authority or "color of authority;" and (4) which is unreasonable and unwarranted under the

circumstances. *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268-69 (Fla. 4th

DCA 2006); *see also Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th

Cir. 2006). The tort of false imprisonment does not require proof that a legal proceeding was

commenced without probable cause, and with malice. All that is required are allegations that a

person has been unlawfully restrained without color of authority. *Everett v. Florida Inst. of*

*Technology*, 503 So. 2d 1382, 1383 (Fla. 5th DCA 1987).

---

for summary judgment); *Geir v. Medtronic, Inc.*, 99 F.3d 238, 240 (7th Cir. 1996) (applying
summary judgment standard with special scrutiny where case turns on issue of intent and
credibility); *Hossani v. Western Missouri Med. Ctr.*, 97 F.3d 1085, 1088 (8th Cir. 1996)
(recognizing the difficulty of disposing intent issues at summary judgment stage).

A plaintiff alleging false arrest must show the restraint was unreasonable and unwarranted under the circumstances. *Harris v. Lewis State Bank*, 436 So. 2d 338, 341 (Fla. 1st DCA 1983). Whether the restraint was unreasonable under the circumstances is a question of fact, which precludes summary judgment. *Id*. at 341-342.

The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable. *Tenn. v. Garner*, 471 U.S. 1, 9 (1985). It is not better that all felony suspects die than that they escape. *Id.* Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. *Id.* at 9-10.

In the case at hand, Roobik Vartanian obtained a gun from another employee of the bar in an attempt to defend his home and his family. He knew that his "baby," three year old I.V. was in his house, and wanted to protect her.  As Roobik Vartanian attempted to walk towards his home, the unmarked van pulled up to the scene of the incident, Defendant, OFFICER HARRELL, jumped out of the van and immediately fired a shot at Roobik Vartanian resulting in his death shortly after at Tampa General Hospital. The officers who were in a van and drove up to the scene were not able to hear Roobik Vartanian make any alleged threats or see the gun that Roobik Vartanian was holding at his side. Without hearing threats or seeing a gun, the officers had no probable cause to believe that Roobik Vartanian was committing a crime, had committed a crime or posed a threat of serious physical harm to them or any citizens.  Defendant, OFFICER HARRELL, failed to act reasonably under the totality of circumstances and rushed to use and did use deadly force when the circumstances did not justify the use of deadly force.

According to Florida Statutes § 776.031, a person is justified in the use of deadly force only if he or she reasonably believes that such force is necessary to prevent death or serious

bodily injury to himself, herself or a third party, and to prevent the imminent commission of a forcible felony. Roobik Vartanian was in possession of a gun to protect his home and daughter from the two men who were on their way to his house just as they threatened. Therefore, Roobik Vartanian did not commit a crime by walking to his home with a gun on the night of the incident. Had Mr. Vartanian been given the opportunity to protect his home and daughter using deadly force, this force would have been justified. Therefore, the use of deadly force was unreasonable as Roobik Vartanian had not committed and was not about to commit any crime.

In addition, according to Florida Statutes § 776.032(1), a person who uses force as permitted in § 776.031 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer, who was acting in the performance of his or her official duties and the officer identified himself or herself in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. Defendant, OFFICER HARRELL, was acting in an undercover capacity when he shot and killed Roobik Vartanian. The Officers were driving in an unmarked van, and were not dressed in police uniforms. According to witnesses, the officers never identified themselves to Roobik Vartanian and therefore there was no way for Roobik Vartanian to know who these men were. Therefore, Roobik Vartanian would not have been liable for using force against the officers because he did not know who they were, and he was protecting his home and child. This entire argument of course assumes he raised the gun toward them in a threatening manner, a highly contested allegation.

In addition, Defendant, CITY OF TAMPA, contends Roobik Vartanian was not arrested because the officer never touched Vartanian and Vartanian never submitted to Officer Harrell's

authority and as a result Plaintiff does not have a cause of action for false arrest.

An arrest, the quintessential seizure of the person under Fourth Amendment jurisprudence, requires either (a) the application of physical force with lawful authority, or (b) submission to the assertion of authority. *Cal. v. Hodari D.*, 499 U.S. 621 (1991)

In some cases, it is immediately apparent at which moment the suspect submitted to an officer's show of force. For example, if the victim is killed by an officer's gunshot, as in *Tennessee* v. *Garner*, 471 U.S. 1, 11 (1985) ("A police officer may not seize an unarmed, non-dangerous suspect by shooting him dead"), the submission is unquestionably complete. *Hodari,* at 644 (Stevens, dissenting). In *Tennessee v. Garner*, both the majority and the dissent agreed that the police officer who shot at a fleeing suspect had "'seized' [the suspect] by shooting him." 471 U.S., at 25 (O'Connor, J., dissenting).

Like *Garner*, Roobik Vartanian submitted to an officer's show of force when he was shot and killed by an officer. Defendant, OFFICER HARRELL, seized/arrested Roobik Vartanian by shooting him. Therefore, Plaintiff has sufficiently pled all the necessary elements to be successful in a false arrest cause of action and as a result, Defendant's Motion should be denied.

### III.   <u>CONCLUSION</u>

Based on the aforementioned reasons, the court should deny Defendant, CITY OF TAMPA'S, Motion to Dismiss Count II of the First Amended Complaint. Plaintiff has alleged sufficient facts which would support her theory for holding Defendant, CITY OF TAMPA, liable for the false arrest of Roobik Vartanian. Based on the above cited authorities and argument, Plaintiff respectfully requests that Defendant, CITY OF TAMPA'S, Motion to Dismiss be denied and for all such further relief, both general and specific, to which she may be entitled under the premises.

**Respectfully submitted,**

**MICHAEL P. MADDUX, P.A.**


*s/ Michael P. Maddux*
Michael P. Maddux, Esquire
Trial Counsel for Plaintiff
Florida Bar Number: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813)253-3363
Facsimile: (813) 253-2553
E-Mail: patteson@flash.net

and

Anthony T. Prieto, Esquire
**PRIETO, PRIETO & GOAN, P.A.**
Trial Counsel for Plaintiff
Florida Bar Number: 195529
3705 North Himes Avenue
Tampa, Florida 33607
Telephone: (813) 877-8600
Facsimile: (813) 876-1884
E-Mail: atp11475@aol.com

## CERTIFICATE OF SERVICE

**I HEREBY** certify that on this 5th day of August, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to Ursula D. Richardson, Esquire, Assistant City Attorney, 315 E. Kennedy Blvd., 5th Floor, Tampa, FL, 33602 and John A. Makholm, Esquire, The Makholm Law Group, 696 First Ave. N., Suite 205, St. Petersburg, FL 33701.

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire