UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER VARTANIAN,

    Plaintiff,

v.                                          CASE NO.: 8:10-cv-1367-T-23EAJ

CITY OF TAMPA and
RICHARD HARRELL,

    Defendants.
_____/

## ORDER

The plaintiff, Jennifer Vartanian, sues (Docs. 8) both individually and as the personal representative of the estate of Roobik Vartanian, the plaintiff's husband (the "decedent"), who died after the defendant officer Richard Harrell ("Officer Harrell") shot him. The plaintiff sues also as the parent and natural guardian of I.V., the decedent's daughter, and asserts claims under both 42 U.S.C. § 1983 and state law. The City of Tampa (the "City") moves (Doc. 10) to dismiss count two, which alleges false arrest. The plaintiff responds (Doc. 14) in opposition and moves unopposed (Doc. 16) to file a second amended complaint.[1]

### Allegations of the Complaint

The decedent worked as a "security manager" at an Ybor City nightclub, Club Prana, in Tampa, Florida. On the evening of September 6, 2008, two male patrons began "causing trouble," and the decedent responded by attempting "to calm the situation down . . . ." After threatening the decedent by stating that "they knew where [the decedent] lived," the two men exited the club and walked toward the decedent's

---

[1] In seeking leave to amend, the plaintiff states that the second amended complaint "do[es] not alter the grounds on which Defendant, City of Tampa[], bases its Motion to Dismiss" count two of the first amended complaint.

house.  "In an attempt to defend his home and his family," the decedent obtained a gun from another employee, exited the club, and walked toward the decedent's home.

At the same time, Officer Harrell sat in an unmarked van near the club.  As the decedent walked toward his home, the van approached "the scene of the incident" and Officer Harrell, who wore no police uniform, "jumped out of the van."  Officer Harrell "immediately fired a shot at [the decedent]," which shot resulted in the decedent's death.  Neither Officer Harrell nor any other officer (1) heard "any alleged threats" by the decedent or (2) observed the gun carried by the decedent.  Officer Harrell failed to identify himself as a police officer.

## Discussion

In moving to dismiss count two, the City argues that the plaintiff's factual allegations fail to support a false arrest claim.  In response, the plaintiff argues that Officer Harrell acted unreasonably in detaining the decedent (1) because Officer Harrell neither heard a threat nor observed the decedent's gun, (2) because Officer Harrell neither wore a uniform nor identified himself as a law enforcement officer, and (3) because the decedent neither committed a crime nor sought to commit a crime.  Rather, the plaintiff argues that the decedent sought to protect his home, which protection justifies the use of force.  See Fla. Stat. § 776.031.

"The tort of 'false imprisonment' or 'false arrest' is the unlawful restraint of a person against his or her will, and the gist of the action is the unlawful detention of the person and the deprivation of his or her liberty."  Spears v. Albertson's, Inc., 848 So. 2d 1176, 1178 (Fla. 1st DCA 2003); Johnson v. Weiner, 19 So. 2d 699 (Fla. 1944).  Restraint consists of physical force, threatening words, or threatening conduct.  Lewis v.

Atlantic Discount Co., 99 So. 2d 241, 242 (Fla. 1st DCA 1957).  To show that the restraint was unlawful, plaintiff must show "that the restraint was 'unreasonable and unwarranted under the circumstances.'"  Harris v. Lewis State Bank, 436 So. 2d 338, 341 (Fla. 1st DCA 1983) (quoting Kanner v. First Nat'l Bank of S. Miami, 287 So. 2d 715, 717 (Fla. 3d DCA 1974)); see also Tennessee v. Garner, 471 U.S. 1, 11 (1985) ("The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.").

In this action, the plaintiff alleges (1) that Officer Harrell approached the scene of the altercation between the two men and the decedent; (2) that Officer Harrell neither wore a police uniform nor identified himself as a law enforcement officer; and (3) that, before hearing a threat or seeing a gun, Officer Harrell shot and killed the decedent. Accepting the allegations as true (as required on a motion to dismiss), the plaintiff states a claim under state law for false arrest.

## Conclusion

Accordingly, the City's motion (Doc. 10) to dismiss count two of the amended complaint (Doc. 8) is **DENIED**.  The plaintiff's unopposed motion (Doc. 16) to file a second amended complaint is **GRANTED**.  The plaintiff may file a second amended complaint no later than **August 23, 2010**.  Officer Harrell's motion (Doc. 11) to dismiss is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on August 17, 2010.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE